UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC | ) | CIVIL NO. 3:19-CV-00387(KAD) |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOE, *subscriber assigned IP address 24.151.61.83* | ) ) | |
|     Defendant. | ) | APRIL 1, 2019 |

**ORDER RE: [3] MOTION FOR LEAVE TO SERVE
THIRD PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

Kari A. Dooley, United States District Judge

Plaintiff Strike 3 Holdings, LLC (the "Plaintiff") alleges that defendant John Doe, identified only by an IP address, (the "Defendant") committed copyright infringement by distributing the Plaintiff's adult films using BitTorrent, a peer-to-peer file distribution network. ECF No. 1. By motion dated March 13, 2019, pursuant to Fed R. Civ. P. 26(d)(1), the Plaintiff requested leave to serve a third-party subpoena on the Defendant's internet service provider ("ISP") for the limited purpose of discovering the Defendant's identity so as to be able to effectuate service upon the Defendant and proceed with the case. ECF No. 3.

The Court first observes, however, that although the information sought may be probative of the John Doe Defendant's identity, it is not, by any means, conclusive on the issue. Indeed, the ISP subscriber may, or may not, be the individual who purportedly infringed the Plaintiff's copyright. Accordingly, the Court's reference to "the Defendant" in the orders that follow should not be construed as a determination by this Court that the subscriber to the IP Address identified in the caption is, in fact, the purported infringer.

Largely for the reasons set forth in the Plaintiff's memorandum, the motion is granted subject to the following limitations. These limitations arise out of concerns regarding the

potentially coercive effect of public disclosure of the Defendant's identify and the attendant impact on the due administration of justice. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 15-cv-4369 (AKH), 2015 WL 4092417 (S.D.N.Y. July 6, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-1883 (LTS) (KNF), 2015 WL 1780965 (S.D.N.Y. Apr. 10, 2015); *Malibu Media, LLC v. Doe*, No. 15-cv-4381 (JFK), 2015 WL 4923114 (S.D.N.Y. Aug. 18, 2015).

Upon receiving the subpoenaed information, the Plaintiff shall not initiate settlement discussions with the Defendant prior to effectuating service upon the Defendant and the filing of proof of such service. Further:

1. The Plaintiff may subpoena the Defendant's ISP only to obtain the Defendant's name and address, but not the Defendant's e-mail addresses or telephone numbers. The Plaintiff may only use the Defendant's name and address, if obtained by the Defendant's ISP, for the purposes of this litigation. The Plaintiff is ordered not to disclose the Defendant's name or address, or any other identifying information other than the Defendant's ISP number. The Plaintiff shall not threaten to disclose any of the Defendant's identifying information. The Plaintiff shall not publicly file any of the Defendant's identifying information and shall file all documents containing the Defendant's identifying information under seal until such time for the Defendant to seek an order permitting him to proceed anonymously has passed.

2. The Plaintiff may immediately serve a Rule 45 subpoena on the Defendant's ISP to obtain the Defendant's name and current and permanent address. The Plaintiff shall serve the Defendant's ISP with a copy of the complaint filed in this lawsuit (the "Complaint"), this Order, and the subpoena.

3. After having been served with the subpoena, the ISP shall, within 30 days of such service, provide the Defendant with:

    a. A copy of the subpoena, the Complaint, and this Order; and

    b. Notice that the ISP will comply with the subpoena and produce to the Plaintiff the information sought in the subpoena unless, within 60 days of said notice, the Defendant files a motion to quash the subpoena or for other appropriate relief in this Court. Notice may be accomplished by any reasonable means, including in writing sent to his or her last known address transmitted either by first class mail or overnight service.

4. The Defendant shall have 60 days from his receipt of the Rule 45 subpoena and this Order to file any motions with this Court contesting the subpoena (including a

motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISP may not turn over the identifying information of the Defendant to the Plaintiff before the expiration of that 60-day period. Additionally, if the Defendant or the ISP files a motion to quash or modify the subpoena, or a request to litigate the subpoena anonymously, the ISP may not turn over any information to the Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.

5. The Defendant's ISP shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

6. The Defendant's ISP shall confer with the Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena. If the Defendant's ISP receives a subpoena and elects to charge for the costs of production, it shall provide a billing summary and cost report to the Plaintiff.

7. Any information ultimately disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting the Plaintiff's rights as set forth in its complaint.


**SO ORDERED** at Bridgeport, Connecticut, this 1st day of April 2019.


                                          */s/ Kari A. Dooley*
                                      KARI A. DOOLEY
                                      UNITED STATES DISTRICT JUDGE